**JUDGE FURMAN**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x    Index No:

JONATHAN LEWIS,

Plaintiff,

-against-

THE CITY OF NEW YORK,
POLICE OFFICERS "JOHN DOES" #S 1 and 2,

Defendants.
-------------------------------------------------------------x

#1

12 CV    4499

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff JONATHAN LEWIS, by his attorneys, OFODILE & ASSOCIATES, P.C.,

complaining of the Defendants – the City of New York (hereinafter also referred to as "The

City"), Officers John Does # 1 and 2,  upon information and belief, alleges as follows:

### JURISDICTION AND VENUE

1.      This is an action at law to redress arrest, imprisonment, prosecution without

probable cause and use of excessive force against Plaintiff in violation of the Plaintiff's rights

under the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution and 42

U.S.C. § 1983. This is also an action to redress the pain and suffering and psychological injuries

sustained by Plaintiff as a result of the intentional, malicious, careless, and negligent acts of the

City of New York, and some of its Police Officers.

1

2.      Jurisdiction is specifically conferred on the United States District Court by 28

U.S.C. § 1331, this being an action arising under the Constitution and Federal Law, and by 28

U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under

color of statute, ordinance, regulation, custom or usage, of rights, privileges, and immunities

secured to Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution, and by

42 U.S.C. § 1983.


3.      Venue is proper in the Southern District of New York because the events

complained of occurred in the Bronx County, which is within the Southern District of New York.


## FULFILMENT OF ADMINISTRATIVE PREREQUISITES TO ACTION

4.      Plaintiff timely filed a Notice of Claim within 90 days of the incidents described

herein and more than thirty days  and have elapsed without the City settling or compromising the

claim.


## PARTIES

5.      During all times relevant and material to this Complaint, Plaintiff Jonathan Lewis

was a resident of the City and State of New York, residing in Bronx County, State of New York.


6.      At all times relevant and material to this case, Defendant the City of New York

was, and upon information and belief, still is a municipal corporation incorporated under the laws

of the State of New York and the employer of Defendant Police Officers John Does #s 1 and 2,

2

and is responsible for their actions under New York State Constitution, Article 1, section 12, under the respondeat superior rule and/or under the agency principle.

7.     At all times relevant and material to this case, Defendants Police Officers John Does #s 1 and 2, were employed by the City of New York in its Police Department, and worked out of the 47th Precinct in the Bronx, New York

## FACTUAL ALLEGATIONS

8.     On April 7, 2011, Plaintiff was walking home to his house on E 223rd and White Plains Road, in the Bronx when two New York City Police Officers approached him and asked for identification which he provided to them.

9.     As Plaintiff was waiting for the officers to hand him back his identification card and ask him to go on, one of them put him in handcuffs and started to punch him on his face.

10.     Plaintiff started shouting for someone to please help him and the officers told him to "shut the fuck up" and punched him eight more times, braking his nose and Plaintiff fell on the floor with his handcuff.

11.     While on the floor, one of the officers was striking him on the legs and back with his stick/asp, and Plaintiff continued shouting as loud as he could for help and for them to stop beating him and that was when the other officer shoved his flashlight into Plaintiff's mouth (to

shut him up), breaking a tooth and cutting his lip.

12.    Plaintiff was bleeding profusely on the ground while still crying for help and the officers picked him up and took him straight to Montefiore Hospital, located at East 233rd and Carpenter Avenue in the Bronx.

13.    Plaintiff understood that he was in a coma for 12 hours at the hospital.

14.    To cover themselves/confuse matters, although the Officers had Plaintiff's identification with his correct name, when they got to the hospital, they gave the hospital a name they made up as Plaintiff's name and being in a coma, Plaintiff could not correct the error.

15.    Plaintiff regained consciousness when he was awoken by someone pushing him from side to side.

16.    When Plaintiff opened his eyes as a result of the pushing, he saw that the person pushing him was a police officer and refused to talk or answer questions stating that police beat him up and he was not going to talk to the Police until he was reassured that the person who wanted to speak with him was from Internal Affairs, and he then decided to talk.

17.    Plaintiff was shown pictures of officers from the Precinct that were on duty during that time and asked to pick out the officers that assaulted him and he did.

4

18.     As Plaintiff was talking to Internal Affairs, the doctor came and told him he had a broken nose but before the doctor could do anything to treat Plaintiff, the police officers took Plaintiff to the Precinct, took a picture and then took him to jail.

19.     Plaintiff was charged by the officers who assaulted him with six felonies and six misdemeanors.

20.     When Plaintiff appeared before the Grand Jury, the six felony charges and five misdemeanor charges were dropped/not indicted on them and plaintiff was only charged with attempted assault in the 3rd degree, a misdemeanor.

21.     Plaintiff pled guilty to the attempted assault charge in the hope of going home but because of the arrest and all the felonies the officers charged Plaintiff with, he had spent 55 days incarcerated before the charges were reduced.

22.     Because of the serious felonies that Defendant Police Officers charged Plaintiff with, he was picked up by immigration and is still detained by immigration because of the false arrest and  inflated felonies concocted by the Police Officers and his damages therefore continue, his arrest and inflated charges being the proximate cause of his continued detention.

23.    Police Officers John Does # 1 and 2, battered and assaulted Plaintiff, punching him on the face nine times and breaking his nose, kicking him on his back, hitting him with their sticks, forcing one of their flashlights into his mouth to shut him up because he was shouting for help and telling them to stop beating him, and caused him serious physical injuries, including, but not limited to, broken nose, broken teeth, cut lip, sprained lower back and leg, swollen shut eye with blood cloth, bruises on his arms, legs and shoulder, and serious pain and suffering from the physical assault he was subjected to.

24.    Police Officers John Doe # 1 and John Doe # 2 also deliberately and maliciously arrested Plaintiff without probable cause and charged Plaintiff with six felonies and six misdemeanors in order to try to justify and cover their callous battery and assault on Plaintiff.

## AS FOR A FIRST CAUSE OF ACTION

25.    Plaintiff repeats and realleges paragraphs 1 through 24 as if each paragraph is repeated verbatim herein.

26.    Plaintiff viciously battered and assaulted by John Does # 1 and 2 when they kicked, punched, hit, struck, and one of them shoved his flashlight into his mouth because he was shouting for help.

27.    In savagely battering and assaulting Plaintiff, breaking his nose, teeth and causing abrasions all of his body, serious pain and other injuries, the said Officers John Does #s 1 and 2 subjected Plaintiff to excessive force during his arrest in violation of his Fourth Amendment rights not to be subjected excessive force during his arrest and are therefor liable to Plaintiff pursuant to 42 U. S. C § 1983.

## AS FOR A SECOND CAUSE OF ACTION

28.    Plaintiff repeats and realleges paragraphs 1 through 27 as if each paragraph is repeated verbatim herein.

29    Had the defendant Police Officers not charged Plaintiff with numerous felonies for which they had no probable cause to believe that Plaintiff would be convicted off, Plaintiff's bail would have been *de minis* or he would have been released on his own recognizance but the officers charged Plaintiff with six felonies and numerous misdemeanors causing Plaintiff to spend 55 days in jail before the Grand Jury refused to indict him on those charges and the charge was reduced allowing Plaintiff to negotiate a plea and end his incarceration.

30.    Because Plaintiff was charged with seven felonies, which upon information and belief included Class B and C felonies, which the officers knew there was no evidence to support and that the felonies would never be successfully prosecuted (in fact Plaintiff was never indicted on most of them, and possibly on none of them at all), Plaintiff spent fifty five days in jail which he would not have spent under any circumstances had defendants not maliciously inflated the

7

charges.

31.     As a result of the malicious inflation of the charges and prosecution Plaintiff was

deprived of his liberty which he would not otherwise have been deprived of by the individual

Defendants in violation of his Fifth and Sixth Amendment rights, (2) State constitutional rights,

and (3) his common law rights not to be subjected to malicious prosecution.

## AS FOR A THIRD CAUSE OF ACTION

32.     Plaintiff repeats and realleges paragraphs 1 through 31 as if each paragraph is

repeated verbatim herein.

33.     Plaintiff was arrested by the individual Defendants without probable cause to

believe that he had committed a crime in violation of his common law right not to be arrested

without reasonable cause and defendants are liable to Plaintiff in damages under the common law

as well as under Article 1 § 12 of the New York State Constitution.

## AS FOR A FOURTH CAUSE OF ACTION

34.     Plaintiff repeats and re-alleges paragraphs 1 through 33 as if each paragraph is

repeated and re-alleged verbatim herein.

35.     Defendants, while arresting Plaintiff in the street subjected him to excessive force by kicking him, hitting him with their sticks, punching him, forcing their flashlight into his mouth, causing him serious and sever injuries, including, but not limited to broken nose, broken teeth, cut lips, lacerations and abrasions and sprains.

36.     In battering and assaulting Plaintiff as aforementioned without legal justification, Defendant Officers violated Plaintiff's rights secured to him by the Fourth Amendment of the United States Constitution not to be subjected to excessive force during his arrest and the Officer Defendants are therefore liable to Plaintiff in damages pursuant to Article 1 § 12 of the New York State Constitution and under the common law.

## AS FOR A FIFTH CAUSE OF ACTION

37.     Plaintiff repeats and re-alleges paragraphs 1 through 36 as if each paragraph is repeated and re-alleged verbatim herein.

38.     Defendants, while arresting Plaintiff in the street subjected him to battery and assault, causing him serious physical and emotional injuries in violation of his common law right not to be subjected to assault and battery without legal justification.

## AS FOR A FIFTH CAUSE OF ACTION

39.     Plaintiff repeats and re-alleges paragraphs 1 through 39 as if each paragraph is repeated and re-alleged verbatim herein.

40.     At all times relevant and material to this case, Defendant City of New York was the employee of all the individual Defendants in this case and the Defendants acted as agents of the City of New York and the City of New York is therefore responsible for the actions of the Defendants alleged herein which were in violation of Plaintiff's common law rights under the agency doctrine and/or respondent superior rule and for the violation of Article 1, § 12 of the New York State Constitution which makes the City responsible for the actions of its agents/servants  when they violate Article 1 § 12 of the New York State Constitution.


### AS FOR A SIXTH CAUSE OF ACTION

41.     Plaintiffs repeat and reallege paragraphs 1 through 40 as if each paragraph is repeated verbatim herein.


43.     The violations of Plaintiff's constitutional rights by the individual Defendants and were carried out under the following policies, customs, and practices of Defendant City of New York:

I.       City to failed to properly train, supervise, discipline and hold accountable its police officers and its affirmative instruction to police officers to stop citizens when they have not committed any crimes which has encouraged and fostered unconstitutional behavior among New York City Police Officers and Plaintiff is therefore entitled to damages against the City for the violation of his constitutional rights.

II.      Failure to establish, publish, and instill in New York City Police Officers

10

and Detectives the practical meaning of probable cause or reasonable cause for

arrests so that officers would not detain and/or arrest citizens based on their

hunches, inklings, or mere suspicion and without reasonable or probable cause;

III.    Failure to establish, publish, and instill in New York City Police Officers

and Detectives the importance of conducting an investigation before arresting a

member of the public;

IV.    De-emphasizing the importance of an arrest warrant issued by a Judge

or Magistrate, which would act as a buffer between the citizenry and the Police,

and encouraging the Police under the aggressive policing policy of the Giuliani

and Bloomberg administrations to arrest first and ask questions later; and

V.    Failing to take proper corrective and punitive actions against

overreaching police officers and creating the impression that crime reduction is

paramount and triumphs over constitutional rights in all circumstances.


44.    Under 42 U.S.C. § 1983, Defendant City is jointly and severally liable with

the individual Defendants under Monell, and under Article 1 § 12 of the New York State

Constitution and under the common law, the City is jointly and severally liable to Plaintiffs under

principal/agent and/or respondeat superior rule, for the general and specific damages Plaintiffs

sustained in the First and Third Causes of Action, as well as for the attorneys' fees and the costs

and disbursements of the action, under 42 U.S.C. section 1983.

    iii.    punitive damages (against the individual defendants only) in an amount

        sufficient to punish the individual Defendants and deter others like them

        from repeating such unlawful conduct – against the individual Defendants,

        jointly and severally;

    iv.    attorneys' fees and the costs and disbursements of this action -- against all

        Defendants, jointly and severally; and

    v.    such other relief as the court deems just and proper.

3.    As against the City of New York and the individual Defendants, for the violation

    of his common law rights:

    i.    general and compensatory damages in an amount that would adequately

        compensate Plaintiff for the violation of his rights and for his emotional,

        mental, and physical distress;  against all Defendants, jointly and severally;

    ii.    lost earning and lost opportunities to earn income, in the amount to be

        proved at trial and in accordance with proof, against all Defendants, jointly

        and severally;

    iii.    punitive damages in an amount sufficient to punish the individual

        Defendants and deter others like them from repeating such unlawful

        conduct – against the individual Defendants, jointly and severally;

    iv.    the costs and disbursements of this action -- against all

        Defendants, jointly and severally; and

    v.    such other relief as the court deems just and proper.

Dated: Brooklyn, New York
      June 5, 2012

                    OFODILE & ASSOCIATES, P.C.
                    Attorneys for Plaintiff

                    By_____
                    Anthony C. Ofodile, Esq. (AO-8295)
                    498 Atlantic Avenue
                    Brooklyn, New York 11217
                    718 852-8300