```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
JONATHAN LEWIS,                                           :
                                                          :
                                Plaintiff,                :     12 Civ. 4433 (JMF)
                                                          :
                -v-                                       :     MEMORANDUM OPINION
                                                          :            AND ORDER
THE CITY OF NEW YORK, et al.,                             :
                                                          :
                                Defendants.               :
                                                          :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/04/2013

JESSE M. FURMAN, United States District Judge:

  Defendants move to preclude the testimony of non-party Virginia Downing based on her failure to appear for several depositions in this matter. The relevant facts are undisputed. Discovery in this case closed on October 25, 2013; trial is little more than a month away. Although Defendants timely and properly served Downing with two subpoenas — one of which was even so ordered by the Court — Downing failed to appear for a deposition on a total of six different occasions, proffering a range of different excuses. Making matters worse, on at least three of those occasions, Downing either did not show or advised counsel that she was not coming only after the parties had convened, causing Defendants to incur the expenses of a court reporter. And prior to the fifth scheduled deposition, the Court expressly warned Plaintiff that if Downing failed to appear for the next deposition — on October 15, 2013 — and did not have good cause for such failure, the Court "may well preclude her from testifying at any trial." (Docket No. 29).

  Given this extraordinary record and the lengths to which counsel has gone to depose Downing, preclusion is plainly appropriate. Notably, Plaintiff concedes that Defendants are entitled to take Downing's deposition before she testifies at trial and that "the Court may, within

its discretion, preclude Ms. Downing's testimony" given the record in this case. (Pl.'s Mem. 1, 3). But Plaintiff's proposed alternative remedy — allowing Defendants to depose Downing before or even during trial — is no remedy at all. It is not fair to make Defendants prepare for yet another deposition while they are in the midst of preparing for (let alone conducting) trial, especially when there is no reason to believe that Downing would show this time. Further, a deposition shortly before or during trial would not give Defendants an adequate amount of time to investigate Downing's testimony and potential impeachment material. Given the lack of good cause for Downing's failure to appear, the prejudice that Defendants would suffer if she were allowed to testify (or, more to the point, Plaintiff's failure to show that Defendants would *not* suffer such prejudice, *see, e.g.*, *Castro v. City of New York*, 06-CV-2253 (KAM) (RER), 2009 WL 2461144, at *6 (E.D.N.Y. Aug. 10, 2009) ("It is *plaintiff's* burden to demonstrate lack of prejudice, not *defendants'* burden to demonstrate that they are prejudiced")), preclusion is the appropriate remedy at this late stage of the case.

      Put simply, deadlines matter. Court orders matter. To allow Downing to testify at trial despite having failed to appear for a deposition on six different occasions, despite having disregarded a court-ordered subpoena, and despite discovery having closed, would not only prejudice Defendants' ability to defend this case, but would also encourage other potential witnesses to skirt their discovery obligations even after being ordered to comply by the Court. Accordingly, Defendants' motion is GRANTED.

      The Clerk of Court is directed to terminate Docket No. 33.

      SO ORDERED.

Dated: December 4, 2013
      New York, New York

_____
JESSE M. FURMAN
United States District Judge